UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3267 |
| | ) | |
| ALLEN BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Mark Myer's Motion for Default Judgment (d/e [6]) against the Defendant, Judge Allen Bennett. For the reasons set forth below, Plaintiff's Motion (d/e [6]) is DENIED.

Plaintiff filed his Complaint against Defendant on September 27, 2016 (d/e [1]). Defendant was served on January 26, 2017. Defendant's answer to the Complaint was due by February 16, 2017.

On February 22, 2017, Plaintiff filed his Motion for Default Judgment. Five days later, on February 27, 2017, Defendant filed a Motion for Leave to File his Motion to Dismiss (d/e [8]).

On March 1, 2017, this Court granted Defendant's Motion for Leave to File his Motion to Dismiss. Defendant explained that his delay was due to his attorney's erroneous calculation of the date to respond to the Complaint. The Court found that Defendant's delay was due to excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Defendant's delay was minimal, as his answer was due on February 16, 2017, and Defendant filed his Motion for Leave to File Motion to Dismiss on February 27, 2017. The Court entered no scheduling orders or decisions during those 11 days. Given the brief delay and the inactivity in the case during the delay, the Court found that allowing the late filing risked little danger of prejudice to Plaintiff. Further, Defendant offered a reasonable explanation for his delay and appeared to act in good faith. For these reasons, taking into account all relevant circumstances, the Court found there was good cause to allow Defendant's late motion to dismiss. See Simstad v. Scheub, 816 F.3d 893, 899 (7th Cir. 2016).

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a), (b)(2). A default judgment

is a harsh sanction, as it deprives the litigant in default of a decision on the merits. Accordingly, imposition of a default judgment must be proportionate to the wrong. See <u>In re Madison</u>, 168 B.R. 990 (D. Haw. 1994) (appellee's one-day delay in responding to appellant's brief "cannot be condoned" but default judgment was disproportionate to the wrong caused by the one-day tardiness). Default judgment for a brief delay that did not result in prejudice to the moving party is disfavored. See <u>Isby v. Clark</u>, 100 F.3d 502, 504 (7th Cir. 1996) ("default judgments are not favored, especially in hotly contested cases").

Because the Court allowed Defendant to file his Motion to Dismiss, and for the reasons supporting that decision, the Court denies Plaintiff's Motion for Default Judgment. Defendant's 11-day delay in responding to the Complaint was short and caused no harm to Plaintiff. <u>Cf.</u> <u>Cannon v. Washington</u>, 321 F.App'x 501, 502 (7th Cir. 2009) (defendants' six week delay in answering complaint did not justify default when defendants participated in discovery in the meantime); <u>Isby</u>, 100 F.3d at 504 (defendants' year-long delay in answering amended complaint did not justify default when defendants defended suit in pretrial proceedings).

Additionally, Defendant has now defended the lawsuit with his filing Motion for Leave to File and his Motion to Dismiss. Defendant is not refusing to participate in the litigation. See <u>Wickstrom v. Ebert</u>, 101 F.R.D. 26, 33 (E.D.Wis. 1984) (motion to dismiss constituted defense against lawsuit for purposes of Rule 55). The Court accordingly finds that default judgment is inappropriate. Plaintiff's Motion for Default Judgment (d/e [6]) is DENIED.

ENTER: June 14, 2017

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE